CITY OF LAREDO V. B. F. LOONEY, ATTORNEY GENERAL.

No. 2800. Decided May 3, 1916.

**1.—City—Indebtedness—Bonds—Refunding Invalid Debt.**

The power of a city to issue refunding bonds can be exercised only where the original debt was valid. If it was partly invalid, it may be refunded only to the extent that it was valid. (P. 120.)

**2.—Same—Refunding Bonds Partly Invalid.**

If bonds of a partly invalid issue are shown to have been issued at different times, those first delivered, up to the amount of the debt that could have been lawfully created, should be paid, and the remainder treated as nullities; and the bonds representing the valid part of the debt could be refunded. But if all of the bonds of the partly invalid issue were delivered at the same time, none of them could have any right of priority over the others, and the amount of the valid debt should be distributed equally between them (Citizens Bank v. City of Terrell, 78 Texas, 460.) (Pp. 120, 121.)

**3.—Same—Case Stated.**

A city issued bonds to the amount of $75,000.00, all sold and delivered at the same time. The issue was void to the extent of $39,000.00, being that much in excess of the amount for which the city could, at that time, have lawfully issued its bonds. (Const., art. 8, sec. 9.) The city paid off and retired a part of the bonds so issued, and sought mandamus to require the Attorney General to approve an issue of refunding bonds in the amount of $31,000.00, to retire the remainder of the bonds left unpaid. Held, that these unpaid bonds were each invalid to the extent of its proportionate excess above the amount for which the debt could be lawfully created, each partaking alike of its validity and invalidity. They could not be refunded in full, and mandamus is refused. (Pp. 120, 121.)

Original application by the City of Laredo to the Supreme Court, to require the Attorney General to approve an issue of its bonds.

*A. Winslow,* for relator.—Inasmuch as the City of Laredo had an assessed valuation of $1,345,951 on the 31st day of December, 1883, and was authorized under section 9, article 8, of the Constitution to issue bonds in the sum of $36,180, and thereafter, and before the maturity of the $75,000 bonds it did issue, voluntarily called in, paid off, and cancelled forty-four of said bonds; therefore, the whole transaction, within the purview of the Constitution, is as though the issue of December 31, 1883, was limited and confined to the $31,000 outstanding bonds. Const., sec. 9, art. 8; Nolan County v. State, 83 Texas, 182 et seq.

*B. F. Looney,* Attorney General, and *C. M. Cureton* and *W. M. Harris,* Assistants, for respondents.—A city incorporated and operating under the general laws of the State of Texas governing cities of that class, subsequent to September 25, A. D. 1883, and on the 22nd day of December, A. D. 1883, had and now has authority to levy, assess and collect only such taxes as are authorized by the Constitution and laws of the State; and taxes levied by such a city for permanent improvements in excess of 25 cents on the $100 valuation of property are and were, to

the extent of such excess, without authority and void; and the bonds of such a city issued for permanent public improvements, payable in future years, can be legally issued only in such an amount as that a tax of 25 cents on the $100 valuation of taxable property within the city, according to the tax rolls of the city last approved, would provide the necessary annual interest and sinking fund therefor; and the bonds of such a city, or any portion thereof, void in their inception, are always void, even in the hands of innocent holders, and the bonds sought to be issued upon the record forming the basis of this suit being refunding bonds for the purpose of refunding bonds which are void, are unauthorized and void, and the Attorney General has no authority in law to approve the proposed refunding bonds in lieu thereof. Constitution of Texas, art. 8, sec. 9; Rev. Stats. of Texas, 1879, art. 420; Citizens Bank v. City of Terrell, 78 Texas, 455, 14 S. W., 1003; Peck v. City of Hempstead, 27 Texas Civ. App., 80, 65 S. W., 653; City of Columbus v. Woonsocket, 114 Fed., 162; Nolan County v. State, 83 Texas, 197, 17 S. W., 823; Francis v. Howard County, 50 Fed., 57; City of Tyler v. Loan Assn., 82 S. W., 1068; Ellis v. City of Cleburne, 35 S. W., 495; City of Austin v. Cahill, 99 Texas, 197, 88 S. W., 522, 89 S. W., 552; City of Palestine v. Royall, 16 Texas Civ. App., 36, 40 S. W., 621; Bassett v. City of El Paso, 88 Texas, 168, 28 S. W., 556.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

In this action a mandamus is sought against the Attorney General to compel his approval of a proposed issue of bonds of the City of Laredo in the amount of $31,000 for the purpose of refunding in like amount bonds of an original issue, in 1883, of $75,000, for street improvement, city hall, and market house purposes.

The individual bonds of the original issue, so far as is disclosed by the record, were all sold and delivered at the same time. The issue was void to the extent of approximately $39,000, being that much in excess of the amount for which the city could at the time have lawfully issued its bonds for the purposes named under the amendment of section 9, article 8, of the Constitution, then in force. The city has paid off and retired forty-two bonds of the original issue, aggregating $42,000, and has available funds sufficient to retire two other bonds of the issue. This would leave $31,000 of the original issue outstanding, for which amount the refunding issue is proposed.

The contention of the relator is that although the original issue was partly void, under the Constitution, and the city could have then validly issued its bonds for the stated purpose only in the amount of approximately $36,000, it is lawful for the city to refund the issue in the amount of $31,000, since the bonds could, originally, have been lawfully issued in that amount.

The power to issue refunding bonds can be exercised only where the original debt was valid. If it was partly invalid, it may be refunded only to the extent that it was valid. If bonds of a partly invalid issue

are shown to have been delivered at different times, those first delivered, up to the amount of the debt that could have been lawfully created, should be paid, and the remainder be treated as nullities. The bonds of such an issue thus representing the valid part of the debt could be lawfully refunded. But if all of the bonds of the partly invalid issue were delivered at the same time, as appears to have been the case here, none of them could have any right of priority over the others, and the amount of the valid debt should be distributed equally between them. Citizens Bank v. City of Terrell, 78 Texas, 460. Each bond now outstanding of this original issue, to the extent of its proportionate excess above the amount for which the debt could be lawfully created, was, therefore, invalid in its inception, and is still so invalid. Each of them being but a part of the whole debt created, partakes alike of its validity and invalidity. If they may be refunded for their full amount, the result is, a clear evasion of the Constitution. It would simply mean the maintenance of the whole debt against the city through an attempted validation of the outstanding balance. The property within the city has already been taxed for the payment of those bonds of the issue which have been retired, and if the remainder may be lawfully refunded it will be further taxed for their payment. It would thus be subjected to taxation for the admittedly invalid part of the debt.

The purpose of the constitutional provision is to prevent such taxation. For such part of the outstanding debt as is valid, refunding bonds may be issued; but not for its full amount.

The writ of mandamus is refused.

*Mandamus refused.*