CITY OF LAREDO v. HEAD et al.

(Circuit Court of Appeals, Fifth Circuit.   December 6, 1917.)

No. 3034.

MUNICIPAL CORPORATIONS ⬤➡955(3)—BONDS—PARTIAL INVALIDITY.

Defendant city issued bonds in December, 1883, after its taxing power had been reduced by constitutional amendment. Such of the bonds as were outstanding matured in 1913, and in a mandamus proceeding brought by the city against the Attorney General of Texas to compel approval of the refunding bonds the state Supreme Court declared that the original bond issue was excessive and partly invalid. None of the bondholders were parties to that suit, and no party was interested in establishing the validity of the bonds. Thereafter holders of such bonds sued the city in the federal court. *Held* that, as some of the bonds had by a decision of the state court been declared valid, the bondholders, in the absence of evidence showing when their bonds were sold by the city or that it had then issued bonds to the extent of its authority, are entitled to recover; the bonds themselves being obligations of the city.

In Error to the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Action by J. W. Head and others against the City of Laredo. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. Winslow and Paul W. Evans, both of Laredo, Tex., for plaintiff in error.

Hal W. Greer and A. C. Hamilton, both of Laredo, Tex., for defendants in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. The city of Laredo in May, 1883, passed an ordinance authorizing the issuance of bonds to the amount of $75,-000. The taxable values at the time were $1,345,951, and the issue was within the authority of the city. By an amendment to the Constitution, effective September 23, 1883, the taxing power of cities and towns of the class to which Laredo belonged was reduced. In December of that year the city amended the ordinance of May, but the amount of the bond issue was not changed. The bonds were issued under date of December, 1883. The bonds recited that provision for their payment had been made by the ordinance of May 19, 1883. The bonds were sold. Such of the bonds as were outstanding at that time matured May 19, 1913. The city undertook to refund the bonds then outstanding, but approval of the refunding bonds was refused by the Attorney General of Texas. In a mandamus proceeding brought by the city of Laredo against the Attorney General to compel approval the Supreme Court held that the original bond issue was excessive and partially illegal. City of Laredo v. B. F. Looney, Attorney General, 185 S. W. 556. None of the bondholders was a party to that suit, and no party was interested in establishing the validity of the bonds. The record materially differs from that in the present case. The decision of the Supreme Court of Texas is not in conflict with the conclusion hereafter reached, and, in any event, would not be binding upon the plaintiffs in the present action. In a suit instituted by a bondholder in the state district court a Court of Civil Appeals of Texas has held the bonds valid. Laredo v. Frishmuth, 196 S. W. 190. The Supreme Court of Texas has held that the bonds were in part valid, and the city of Laredo in this case acknowledges that the issue was in part valid. One of the articles of the agreed statement of facts upon which this case was tried is that:

"The $75,000 in bonds were issued and sold in the early part of the year 1884; but there is no proof as to whether they were all sold at the same time and to the same person, or whether they were separately sold."

Upon their face the bonds sued on are obligations of the city of Laredo. In view of the fact that some of the bonds of the issue are valid, and that there is an absence of proof as to whether they were all sold together, or some of them sold before the others, there is a lack of the proof necessary to meet the presumption of legality arising from the face of the bonds. There is nothing to show that the particular bonds sued on were not among those first sold, and therefore valid. The trial judge has not indicated the reason for his conclusion that judgment should be for the plaintiffs, but the absence of proof upon this material matter is a sufficient reason for his action.

The judgment is affirmed.